IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

MARTIN ABRAHAM, on behalf of himself
and the classes defined herein,

        Plaintiff,

v.

CAPITAL ONE BANK (USA), N.A. and
PRESSLER & PRESSLER, LLP

        Defendants.

-----------------------------------------------------------X

**AMENEDED
CLASS ACTION
COMPLAINT**

Case No.: 1:11-cv-01368 (BSJ)(HBP)

Plaintiff, by his attorney The Law Offices of Shimshon Wexler, P.C., as and for his amended complaint against the defendants, on behalf of himself and pursuant to Rule 23 of the Federal Rules of Civil Procedure, all others similarly situated, alleges as follows:

## INTRODUCTION

1. Plaintiff brings this action to secure redress from unlawful credit and collection practices engaged in by defendants Capital One Bank (USA), N.A. ("Capital One") and Pressler & Pressler, LLP ("Pressler"). Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") against Pressler and violations of the consumer protection statutes of New York and New Jersey by Pressler and Capital One.

2. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt and requires certain disclosures. 15 U.S.C.

§§1692d, 1692e, 1692f and 1692g. State consumer protection statutes prohibit deceptive acts and practices against consumers such as plaintiff.

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331, 28 U.S.C. §1337 and 28 U.S.C. §1367.

4. Venue and personal jurisdiction in this District are proper under 28 U.S.C. §1391 because:

    a. Defendants do substantial business within this District.

## PARTIES

5. Plaintiff, Martin Abraham ("Abraham"), is an individual who resides in New Jersey.

6. Defendant, Capital One, is a National Association and/or banking entity with offices at 4851 Cox Road in Glen Allen, Virginia 23060.

7. Upon information and belief, Pressler is a limited liability partnership law firm with offices at 7 Entin Road in Parsippany, New Jersey 07054.

8. Pressler is engaged in the business of collecting defaulted debts.

9. Pressler collects debts for others.

10. Pressler is a debt collector as that term is defined by 15 U.S.C. §1692a(6).

## FACTS

11. On or about March 18th, 2010 plaintiff received a letter from Pressler attempting to collect a debt. See Exhibit A.

12. In sending <u>Exhibit A</u>, Pressler sought to collect a financial obligation incurred for personal, family or household purposes, namely fees emanating from a personal credit card.

13. <u>Exhibit A</u> was sent to plaintiff as part of an agreement or understanding between Pressler and Capital One.

14. <u>Exhibit A</u> was the initial dunning letter sent to plaintiff.

15. <u>Exhibit A</u> states "Attorney Fees $229.98."

16. <u>Exhibit A</u> states "At this time, no attorney with this firm has personally reviewed the particular circumstances of your account. However, if you fail to contact this office, our client may consider additional remedies to recover the balance due."

17. Plaintiff's attorney called Pressler by telephone and spoke with Richard Quiroz on or about 2/23/2011 at 4pm.

18. Plaintiff inquired as to the nature of the attorney fees of $229.98.

19. Plaintiff's attorney asked for documentation or itemization of the attorney's fees charges.

20. Plaintiff's attorney asked for an explanation as to how there could be attorney's fees on plaintiff's account of $229.98 when the letter itself stated that no attorney had reviewed the account.

21. Pressler's representative explained that the fees were charged at the time of the letter because they were going to be incurred in the future.

22. Upon information and belief, no work was done towards Abraham's file which entitled Pressler and/or Capital One to the $229.98 attorney fees.

23. Upon information and belief, the charge of $229.98 at the time of the letter was unwarranted.

24. Exhibit A states "We shall afford you this opportunity to pay this debt immediately and avoid further action against you."

25. Exhibit A is a standard form document.

26. More than 100 examples of Exhibit A have been sent out during the last 12 months.

27. Documents in the form represented by Exhibit A are regularly sent to collect delinquent debts.

## CLAIMS FOR RELIEF

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## (AGAINST PRESSLER ONLY)

28. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. Exhibit A violates 15 U.S.C. §§1692, 1692e, 1692f and 1692g.

30. The FDCPA is from the perspective of the least sophisticated consumer.

31. Section 1692e entitled False or Misleading Representations provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:......
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt.

32. By misrepresenting the balance Pressler violated the above provision of the statute.

33. Section 1692f entitled Unfair Practices states:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1)The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

34. By adding an unauthorized, unwarranted, excessive, and/or unlawful charge to the account, Pressler violated the above provision of the statute.

35. Section 1692g entitled Validation of Debts provides:

**(a) Notice of debt; contents**
Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
(1) the amount of the debt;
(2) the name of the creditor to whom the debt is owed;
(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.
**(b) Disputed debts**
If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be

inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

36. In sending Exhibit A, Pressler violated various quoted provisions of the statute including failing to provide the amount of the debt within 5 days of the initial communication.

37. Pressler also violated the last sentence of 1692g (b) because it failed to advise the consumer that if the consumer disputes the debt during the 30 day period, collection of the debt will be ceased and there would be no further action against the consumer until the debt is verified and instead Pressler stated that the only way further action is to be prevented is by paying the debt immediately.

38. Consumers would believe that even if they dispute the debt during the 30 day period, action can still be taken against them even prior to the debt being verified, thereby causing them to waive their rights to dispute the debt.

39. The consumer's right to dispute a debt is overshadowed or inconsistent with Pressler conveying its ability to pursue collection efforts immediately if the debt is not paid, without clarification that Pressler's actions will not trump the consumer's rights.

40. Pressler is liable to the plaintiff for statutory and actual damages pursuant to 15 U.S.C. §1692k.

## COUNT II

**VIOLATIONS OF THE NEW JERSEY CONSUMER FRAUD ACT**

**(Against Pressler and Capital One)**

41. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

42. The conduct of Pressler and Capital One in charging unlawful legal fees constitutes deceptive or materially misleading activity that is directed at consumers and the public at large and caused consumers to suffer financial injuries of having increased debt and having to pay more money to pay off their loans and there is a direct causal relationship between the unlawful conduct and the ascertainable loss.

43. As a result of this violation, defendant is liable to plaintiff in an amount to be determined at trial.

## CLASS ALLEGATIONS

44. Plaintiff brings this action on behalf of a class, pursuant to Federal Rules of Civil Procedure Rule 23(a) and 23(b)(3).

45. The first class consists of (a) all individuals (b) with a New York or New Jersey address (c) who have received a letter in the form of Exhibit A (d) on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action.

46. The second class consists of (a) all individuals (b) with a New Jersey address (c) who have been charged unlawful, unwarranted, excessive and/or unauthorized attorney fees (d) on or after a date six years prior to the filing of this action and on or before a date 20 days after the filing of this action.

47. The third class consists of (a) all individuals (b) with a New York address (c) who have been charged unlawful, unwarranted, excessive and/or unauthorized attorney fees (d) on or after a date three years prior to the filing of this action and on or before a date 20 days after the filing of this action.

48. The class is so numerous that joinder of all members is not practicable. On information and belief, there are at least 40 members of the class.

49. There are questions of law and fact common to the class, which common questions predominate over any questions relating to individual class members. The predominant common question is whether Exhibit A and the collection activities of the defendants violate the FDCPA and/or GBL 349.

50. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

51. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

52. A class action is superior for the fair and efficient adjudication of this matter, in that:

   a. Individual actions are not economically feasible;

   b. Members of the class are likely to be unaware of their rights;

   c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

**WHEREFORE,** the Court should enter judgment in favor of plaintiff and the class and against defendant for:

   (1) Statutory damages, actual damages;

(2) Attorney's fees, litigation expenses and costs of suit;

(3) Such other and further relief as the Court deems proper.

Dated: New York, New York
       March 11, 2011

                                        The Law Offices of Shimshon Wexler, PC

                                        By: _____
                                        Shimshon Wexler (SW0770)
                                        Attorney for Plaintiff
                                        2710 Broadway, 2Fl
                                        New York, New York 10025
                                        Tel: (212)760-2400
                                        Fax: (917)512-6132
                                        swexler@collectorabuselaw.com


## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

                                        _____
                                        Shimshon Wexler

# EXHIBIT A

```
MAURICE B. PRESSLER(1930-2002)    PRESSLER AND PRESSLER, L.L.P.     CHRISTOPHER P. ODOGBILI     DARYL J. SIMMS
SHELDON H. PRESSLER                  COUNSELLORS AT LAW              DALE L. GELBER              THOMAS R. KNIGHT
                                        7 Entin Road                 CRAIG S. STILLER*           STEVEN A. LANG
GERARD J. FELT                    Parsippany, NJ 07054-5020          MITCHELL E. ZIPKIN
STEVEN P. McCABE                    Off: (973) 753-5100
LAWRENCE J. McDERMOTT, JR.          Fax: (973) 753-5353
                                    ----------
MITCHELL L. WILLIAMSON                  NY Office
THOMAS M. BROCHIN                      305 Broadway
RALPH GULKO                             5th Floor                    * NY State License Only
JOANNE L. D'AMBISIO                 New York, NY 10007
STEVEN P. BANN                      Off: (815) 222-1929
                                    Fax: (973) 753-5353              OFFICE HOURS:
                                 Reply to [X] NJ Office [ ] NY Office    Monday-Thursday: 8am-9pm
                                                                         Friday: 8am-7pm
                                                                         Saturday: 9am-2pm
```



MARTIN ABRAHAM

03/18/10
P&P FILE ▓▓▓
Placement Amount ▓▓▓
Finance Charges ▓▓▓
Attorney Fees $229.98
Amount of Debt ▓▓▓

Dear MARTIN ABRAHAM

This is to notify you that your CAPITAL ONE BANK (USA), N.A. Account # 5291071456907664 has been placed with the firm of Pressler and Pressler, LLP for collection.

We shall afford you this opportunity to pay this debt immediately and avoid further action against you. Make your check or money order payable to Pressler and Pressler, LLP and include your File Number A140008 and remit to:

Pressler and Pressler, LLP 7 Entin Rd. Parsippany, NJ 07054-5020

Payment can be made on the website www.paypressler.com. We also accept Visa/Mastercard and American Express. If you choose this payment option return this letter along with:
Name as it appears on Credit Card_____/Street # & Zip_____
Expires ___/___    Credit Card # _____/Security Code_____
Amount $ _____     Signature _____

If you are unable to pay the balance in full and would like to discuss payment arrangements, please contact us at (888) 312-8600.

At this time, no attorney with this firm has personally reviewed the particular circumstances of your account. However, if you fail to contact this office, our client may consider additional remedies to recover the balance due.

**PLEASE READ THE FOLLOWING PROVIDED TO YOU PURSUANT TO FEDERAL STATUTE:**

This communication is from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose. Unless you notify this office within 30 days after receipt of this notice that you dispute the validity of the debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receipt of this notice that the debt or any portion thereof is disputed, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. Upon your request in writing, within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.